IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CHAD SPAAR,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO.: 5:20-cv-94 |

## REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge David Peeples ("the ALJ" or "ALJ Peeples") denying his claim for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision. Doc. 14. Defendant asserts the Commissioner's decision should be affirmed. Doc. 15. For the reasons set forth below, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on June 30, 2017. R. 24.[1] On June 4, 2019, ALJ Peeples held a

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 12-1 through 12-10. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers which run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

hearing, at which Plaintiff, who was represented by counsel, appeared and testified via video conference. Id. Tina Stambaugh, a vocational expert, appeared at the hearing. Id. ALJ Peeples denied Plaintiff's claims after the hearing in a decision issued on August 7, 2019. R. 24–33. The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1.

Plaintiff, born on June 9, 1966, was 50 years old at the time of the alleged disability onset date and 53 years old at the time of the ALJ's decision in 2019. R. 68, 26. He has a GED and attended truck driving school in 1984. R. 69. Plaintiff's past relevant experience was as a truck driver. R. 89

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity is an assessment of "the claimant's remaining ability to do work despite his impairments." Id. at 693–94 (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he can adjust other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since his alleged onset date, June 30, 2016.  R. 26.  At step two, ALJ Peeples determined Plaintiff had the following severe impairments: degenerative disc disease, history of heart attack, and acromioclavicular (AC) joint separation of the left shoulder.  Id.  The ALJ also determined Plaintiff had a non-severe medical impairment with his diagnosis of chronic obstructive pulmonary disease ("COPD").  R. 27.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet the severity of a listed impairment.  R. 27.  The ALJ found Plaintiff has the residual function capacity ("RFC") to perform light work with the following exceptions: he can occasionally stoop, kneel, crouch, balance, and climb ramps and stairs; he should never crawl or climb ladders, ropes, or scaffolds; he can occasionally reach in front laterally and overhead with his left upper extremity; he can occasionally handle with his left upper extremity; and he should avoid concentrated exposure to pulmonary irritants (fumes, odors, dust, gases, and poor ventilation), vibrations, and workplace hazards, such as unprotected heights and moving mechanical parts.  R. 27–28.  At the next step, the ALJ determined Plaintiff could not perform his past relevant work.  R. 31.  The ALJ concluded at the fifth and final step Plaintiff could perform jobs such as an inspector/sorter, mailroom clerk, and ticket taker/usher, all of which exist in significant numbers in the national economy.  R. 32.

## II.     Issues Presented

Plaintiff asserts the ALJ erred because his RFC determination is unsupported by substantial evidence, as the ALJ failed to: (1) provide sufficient reasons for the weight he

assigned to medical opinion evidence; and (2) provide reasons for rejecting Plaintiff's statements on his pain and limitations.[2]

### III.     Standard of Review

It is well-established judicial review of decisions by the Social Security Commissioner is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence weighs against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id. However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied on must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210.

---

[2]     Plaintiff filed a Notice of Supplemental Authority, which points to Collins v. Yellen, 141 S. Ct. 1761 (2021), and includes an Office of Legal Counsel Memorandum concerning the constitutionality of statutory restrictions on the President's ability to remove the Social Security Administration Commissioner from that position. Doc. 17; Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021). Plaintiff states this authority bears on "the constitutionality of the Commissioner's decision" in this case. Doc. 17. It is unclear why Plaintiff filed this Notice of Supplemental Authority. Neither party raised any issue concerning the constitutionality of the Commissioner's appointment or decision in the briefing. Plaintiff's Notice fails to take any position or advance any argument, simply observing the authority is related to the constitutionality of the Commissioner's decision. Having reviewed the provided authority, I cannot discern how the authority is germane to any of the issues presented in this case. Accordingly, I do not address Plaintiff's Notice of Supplemental Authority any further.

In its review, the reviewing court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146. The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.   Whether the ALJ Erred by Not Providing Reasons Supported by Substantial Evidence for the Weight He Assigned Medical Opinion Evidence**

Plaintiff argues ALJ Peeples erred by failing to articulate sufficient reasons for finding that some medical opinions provided by Mukesh Agarwal, M.D., a consultative examiner, were unpersuasive. Doc. 14 at 7. The Commissioner responds the ALJ did not err because he was no longer required to follow particularized procedures laid out in 20 C.F.R. § 416.927 and the ALJ properly focused his analysis on the persuasiveness of the opinion based on the five factors in 20 C.F.R. § 416.920c(c).[3] Doc. 15 at 8–9. Furthermore, the Commissioner argues, if the ALJ did err, any such error was harmless because Dr. Nishi Agarwal's medical opinion does not contradict ALJ Peeples' ultimate finding. Id. at 11.

---

[3]   Section 416.927 set forth specific procedures for evaluating medical opinion evidence and other evidence, including presumptions about the weight to give to certain types of evidence, factors the ALJ was to apply in considering the evidence, and requirements the ALJ provide "good reasons" for the weight given for some sources. Section 416.920c, however, embraces a different framework and does not mandate the procedures set forth in § 416.927.

6

An ALJ considering medical opinions "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a); see Works v. Saul, No 4:19-CV-1515, 2021 WL 690126, at *15, 24 (N.D. Ala. Feb. 23, 2021).[4] Instead, "when evaluat[ing] the persuasiveness of medical opinions," the ALJ "will consider those medical opinions . . . using the factors listed . . . the most important factors . . . [being] supportability . . . and consistency." 20 C.F.R. § 416.920c(b)(2) (the listed factors also include relationship between the source and the claimant, the source's specialization, and "other factors"). The controlling regulation provides some guidance to ALJs on the "supportability" and "consistency" factors. 20 C.F.R. § 416.920c(c)(1)–(2). "Supportability" is a measure of how much a medical opinion is supported by objective medical evidence and explanations provided by the medical source giving the opinion. See 20 C.F.R. § 416.920c(c)(1). "Consistency" is a measure of how consistent the medical opinion is with evidence from other sources (medical and nonmedical). See 20 C.F.R. § 416.920c(c)(2). Opinions that have a high degree of "supportability" and "consistency" should be treated as more persuasive. 20 C.F.R. § 416.920c(c)(1)–(2).

The ALJ must articulate how supportability and consistency "were considered for a medical sources opinion, but an ALJ is not required to articulate consideration of the remaining factors."[5] Anthony v. Kijakazi, CV 120-110, 2021 WL 4304725, at *3 (S.D. Ga. Sept. 3, 2021)

---

[4]  On January 18, 2017, the Social Security Administration substantially revised the regulations governing how the Commissioner considers medical evidence, including medical opinions. See 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15,132 (Mar. 27, 2017). Those revisions apply to claims filed on or after March 27, 2017, and are, therefore, applicable in this case. Compare 20 C.F.R. § 416.920c (applicable to claims filed on or after on or after March 27, 2017) with 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017).

[5]  The Regulations note an exception to the general rule an ALJ only has to articulate consideration of supportability and consistency. Where two or more medical opinions about the same issue are equally well-supported and consistent with the record but come to different conclusions, the ALJ "will articulate

(citing 20 C.F.R. § 416.920c(b)(2) and Uresi v. Comm'r of Soc. Sec., No. 2:20-CV-367, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021). The ALJ must "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." Works, 2021 WL 690126 at *15 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); see Jackson v. Soc. Sec. Admin., Comm'r, 779 F. App'x 681, 684 (11th Cir. 2019). While an ALJ can perform a single analysis for a medical source who provides multiple medical opinions, he must still discuss supportability and consistency in the analysis. 20 C.F.R. § 416.920c(b)(1). As with all conclusions, the ALJ's conclusions regarding medical source opinions must be supported by substantial evidence in the record. Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021) (citing Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)).[6]

### A.   Dr. Agarwal's Opinions About Plaintiff's Sit/Stand/Walk Limitations

Dr. Agarwal, a consultative examiner, offered two opinions, one in 2017 and one in 2018. In both opinions, Dr. Agarwal said Plaintiff could sit, stand, and walk up to four to five hours a day. R. 30–31.

For the 2017 opinion, the ALJ found the 2017 opinion unpersuasive—or, in the words for the ALJ "less persuasive"—because it was "inconsistent with the claimant's ability to live

---

how [he] considered the other most persuasive factors." 20 C.F.R. §416.920c(b)(3). Given the findings *infra*, this Court cannot say whether this exception should have applied in these circumstances.

[6]   In revising the Regulations to remove the treating source rule, the Social Security Administration explained, "[U]nder the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether *substantial evidence* supports our final decision[.]" Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (emphasis added). Accordingly, nothing in the revised Regulations alters the requirement the ALJ's decisions be supported by substantial evidence, and, indeed, the revisions reinforce that requirement.

independently and inconsistent with other examinations in the record which do not show objective abnormalities that would warrant . . . standing limitations that are this restrictive." R. 30–31.  The ALJ is completely silent on the "supportability" of Dr. Agarwal's 2017 opinion, which is plainly an error, and requires remand.  Welch v. Comm'r of Soc. Sec., Case No. 6:20-cv-1256, 2021 WL 5163228, at *2 (M.D. Fla. Nov. 5, 2021) ("Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors.").  Regarding consistency, the ALJ did mention whether the opinion was consistent with evidence from other medical and nonmedical sources in the record, but his explanation is vague and conclusory.  The ALJ fails to explain how Plaintiff's "ability to live independently" was inconsistent with Dr. Agarwal's opinion.  Similarly, the ALJ fails to identify what "other examinations in the record" are inconsistent with Dr. Agarwal's opinions.  While the new Regulations are certainly deferential to the Commissioner, the ALJ's vague and conclusory statements here about inconsistency are likely insufficient.  Though the Eleventh Circuit has not given guidance on the amount of detail required, a reviewing court must be able to understand the basis for the ALJ's conclusions.  See Poma v. Comm'r of Soc. Sec., Case No. 6:20-cv-931, 2021 WL 2554247, at *3 (M.D. Fla. June 22, 2021) (holding ALJ's persuasiveness determination of medical opinion was sufficient where ALJ demonstrated opinion's inconsistency by citing to specific exhibits in the record).  Thus, while on remand to address supportability, the ALJ should also consider providing a more detailed articulation of consistency.

For the 2018 opinion, the ALJ found the 2018 opinion on Plaintiff's ability to sit, stand, and walk unpersuasive because "the evidence supports that the claimant is able to sit, stand, and walk up to six hours each with normal breaks." R. 31.  Though the ALJ uses the word "support,"

indicating he considered the supportability factor, the Regulations define supportability as the degree to which the opinion is supported by explanations from the medical source offering the opinion and objective medical evidence.  See 20 C.F.R. § 416.920c(c)(1).  The ALJ makes no reference to whether Dr. Agarwal supported his opinion.  Instead, it appears the ALJ may be addressing the consistency factor, though it is unclear what "evidence" the ALJ is referring to in this sentence.  See 20 C.F.R. § 416.920c(c)(2) (defining consistency as how consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim).  Ultimately, it is impossible to determine whether the ALJ is addressing supportability or consistency or something else.  Regardless, it is clear the ALJ did not address both supportability and consistently adequately.  "The new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."  Pierson v. Comm'r of Soc. Sec., No. 6:19-CV-01515, 2020 WL 1957597 at *6 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla Apr. 23, 2020); see also 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision.").  As a result, the ALJ failed to satisfy the requirement to articulate how he considered consistency and supportability, as set forth in 20 C.F.R. § 416.920c, for these portions of Dr. Agarwal's 2017 and 2018 opinions.

      B.     **Dr. Agarwal's Opinions About Plaintiff's Lifting Limitations**

In his two opinions (2017 and 2018), Dr. Agarwal also opined about Plaintiff's ability to lift objects.  R. 30–31.  In 2017, Dr. Agarwal said Plaintiff could lift 10 to 15 pounds.  In 2018, he concluded Plaintiff could lift 20 pounds.  Id.  The ALJ found the 2017 opinion unpersuasive because it was "inconsistent with the claimant's ability to live independently and inconsistent with other examinations" that did not show "abnormalities that would warrant lifting . . .

10

limitations" which were so restrictive. Id. However, the ALJ found the 2018 opinion (limiting Plaintiff to lifting 20 pounds) to be persuasive, explaining such an opinion was "consistent with the other evidence mentioned in this decision." R. 31.

Here, as with the walking, standing, and sitting opinions, the ALJ failed by not addressing the supportability of the lifting opinions and only making a vague, conclusory statement about the consistency of the opinions. The Court cannot determine whether the ALJ properly discredited Dr. Agarwal's opinions if the ALJ does not explain how those opinions are unpersuasive by citing to substantial medical evidence in the record. See, e.g., Works, 2021 WL 690126, at *15 (holding ALJ failed to properly explain why he found a medical opinion "mildly persuasive" where the ALJ provided broad conclusions without explaining his analysis regarding supportability and consistency).

To be clear, the Court takes no stance on the correctness of Dr. Agarwal's opinions, and the Court is not suggesting the ALJ must, or should, find any of Dr. Agarwal's opinions persuasive to any particular degree. Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner."). Rather, if the ALJ discredits the opinion of the physician, he must provide an adequate explanation of the consistency and supportability of the opinion. See 20 C.F.R. §416.920c(b). Without an adequate explanation from the ALJ, the Court is unable to exercise meaningful judicial review.

**V.    Whether the ALJ's Errors Were Harmless**

The Commissioner asserts any error in the ALJ's explanation of Dr. Agarwal's opinion was harmless. Doc. 15 at 12. This Court will not overturn a decision for an error which "do[es] not affect the parties' substantial rights." Zoslow v. Comm'r of Soc. Sec., 778 F. App'x 762,

764 (11th Cir. 2019) (citing Shinseki v. Sanders, 556 U.S. 396, 407 (2009)); see also Griffin v. Astrue, No. CV411-320, 2013 WL 633049, at *3 (S.D. Ga. Feb. 20, 2013) ("Harmless error analysis applies where substantial evidence supports the ALJ's conclusions and some legal error occurred that was not case dispositive."). An error is harmless if the error does not "effect the judge's ultimate determination." Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 558 (11th Cir. 2015) (citing Diorio v Heckler, 721 F.2d 726, 728 (11th Cir. 1983)); see also Sarli v. Berryhill, 817 F. App'x 916, 919 (11th Cir. 2020) (holding ALJ committed harmless error in failing to state the weight it gave to certain medical opinions because the failure would not have affected the ultimate outcome of the ALJ's decision).

For the lifting portion of the opinions, the Commissioner argues the consideration of Plaintiff's ability to lift was, at most, an inconsequential error because the restriction was not long term. Id. The Commissioner points to the short time between Dr. Agarwal's two opinions—less than a year apart—and notes the 10-to-15-pound limitation in the 2017 opinion would not qualify as a disability since it did not last "for a continuous period of not less than 12 months." Id. at 13 (citing 42 U.S.C. §423(d)(1)(A)). Plaintiff states this argument is a *post hoc* rationalization, which the Commissioner does not have the latitude to make. Doc. 16 at 3–4.

The two different lifting limitations would have a material impact on Plaintiff's RFC—a 10-to-15-pound limitation would not allow for light work, while a 20-pound limitation would. See 20 C.F.R. §§ 404.1567(b), 416.967(b). However, given Dr. Agarwal's opinions indicated Plaintiff did not have the limitation which would eliminate him from performing light work for a continuous period of 12 months, the ALJ's error would not have caused a different result. See Saffioti v. Comm'r of Soc. Sec., Case No: 2:17-cv-143-FtM-99CM, 2019 WL 298473, at *4 (M.D. Fla. Jan. 7, 2019) (holding the failure to state weight given to medical opinion was

12

harmless error because Plaintiff's disability was temporary and it would not have affected the ultimate decision), *report and recommendation adopted* 2019 WL 293324 (Jan. 23, 2019), *adhered to by*, 2019 WL 1513354 (Apr. 8, 2019).  Thus, any error regarding Plaintiff's lifting limitations was not a harmful one.  Plaintiff's claim this is merely a *post hoc* rationale is unconvincing.  In conducting the harmless error analysis, the Court is only concerned with the impact of the error.  Here, any error would have had no impact on the ALJ's analysis.

For the sitting, standing, and walking opinions, the Commissioner attempts to justify the ALJ's conclusion "the evidence supports that the claimant is able to sit, stand, and walk up to six hours with normal breaks."  The Commissioner argues the ALJ's conclusion is actually consistent with Dr. Agarwal's opinions about Plaintiff's sit/stand/walk limitations.  The Commissioner argues the ALJ could have reasonably inferred Plaintiff could sit, stand, or walk for six hours from Dr. Agarwal's opinions because Dr. Agarwal said Plaintiff could "sit, stand, and walk" for four to five hours.  Id.  Though difficult to follow, it appears the Commissioner argues Dr. Agarwal's opinion was that Plaintiff could sit for four to five hours in a day, stand for four to five hours in a day, *and* walk four to five hours a day, which, in turn, supports a conclusion he could do these activities collectively for up to six hours.  This is an implausible reading of Dr. Agarwal's opinion and the ALJ's decision.  The ALJ specifically rejected Dr. Agarwal's four-to-five-hour limitation and adopted a six-hour limitation instead.  R. 31.  Nothing in the opinion suggests the ALJ reached his conclusion based on the distinction in the "and/or" construction.  Indeed, the ALJ characterized the limitation in both instances using the word "and" with the only difference being the duration.  R. 31, 109.

Furthermore, the distinction between a four to five hour sit/stand/walk limitation and a six hour limitation is material.  At the hearing, the vocational expert testified a limitation of "sit-

standing and walking for up to four to five hours only in the eight-hour workday" would place Plaintiff at less than full-time work and eliminate all work possibilities.  R. 92.  Thus, Dr. Agarwal's opinions on sitting, standing, and walking—if deemed persuasive and adopted as a component of Plaintiff's RFC—could result in the difference between Plaintiff being able to perform light work and being disabled.  Because the ALJ committed error when he failed to adequately articulate his reasons for assessing the persuasiveness of Dr. Agarwal's opinions on sitting, standing, and walking, and that error potentially impacted Plaintiff's substantial rights, I **RECOMMEND** the Court **REMAND** the case to the Commissioner for further consideration.  Given my recommendation, the Court declines to address Plaintiff's remaining enumeration of error.  Doc. 14 at 19–23.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  This remand under sentence four would terminate this Court's jurisdiction over the matter.  Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA